*DONALDSON* & *AL.* vs. *HULL.*

The possessor without a just title, owes the fruits from the beginning of his possession.

APPEAL from the parish court of New-Orleans.

MARTIN, J. delivered the opinion of the court, The defendant, in August, 1817, purchased, by a notarial act, from West, attorney in fact of two ladies of Baltimore, who styled themselves executors of Mrs. Van Pradelles their sister, mother of the plaintiffs, a negro woman, her two daughters, and her son. The sale was made without any order of court, and by public auction.

There having been no actual proof of Mrs. Van Pradelle's death, the plaintiffs, on a suggestion that she went to sea in 1813, and has never been heard of, procured themselves to be put in possession of her property and brought the present suit to recover the slaves purchased by the defendant, with their hire from the

day, of the sale. The parish judge thought the Eastern Dist *June*, 18-8 wages due from the institution of the suit, and allowed $1282 therefor, from which he deducted $570 paid by the defendant, and gave judgment for $712.

DONALDSON & AL. *vs.* HULL,

From the judgment both parties appealed. The plaintiffs complain that the defendant being without a just title, *i. e.* a title apparently transferring property, he is, tho' not morally, technically a possessor in bad faith. The title is said to be absolutely void, because it purports to be the evidence of a sale by executors; and such persons can only sell after an order of court, and by public auction; whereas, here there was no order of court; and the sale is, not by auction, but by private contract.

The defendant then is bound to restore the slaves and the value of their services; and we think the parish court erred in confining its judgment to the period that elapsed between the demand and decision of the suit.

The case appears peculiarly a hard one, as the defendant bought in *moral* good faith, with the knowledge of the only one of the plaintiffs who was of age, and from the aunts of all of them, who had been selected by their mother to protect their interests after her death,

Eastern Dist.
June, 1828.

DONALDSON
& AL.
vs.
HULL.
and as the plaintiff who was of age received from him her part of the price.

It is to be lamented that the law imposes on courts of justice the obligation of decreeing the restoration of the value of the services of slaves against a possessor who has fairly paid a full price for them, while it authorises them to do no more in the case of a dishonest holder, who has taken them in possession without paying any thing for them.

But on assessing the value of the services which a defendant is to be decreed to restore, we think the same rule ought not to prevail. In assessing damages for their detention, the good faith or dishonest conduct of a defendant should influence us; and if justice demands vindictive damages in the latter case, it prescribes a just moderation in the former. The plaintiff must not receive more than he would if he had been in possession.

The defendant bought a woman thirty-two years of age, who had two daughters, the one eleven and the other seven years of age, and a boy eighteen months old.

Her services, had she been hired by the month, would not have averaged ten dollars a month or one hundred and twenty dollars a

year, from which a deduction of two months may be made for time lost by sickness, or the impossibility to find a person willing to hire her; and her wages must then be reduced to $100 a year. Her taxes, clothing, medical at-tendance, and medicines, may be valued at $20 a year, and thus reduce the sum earned at $80 a year net, which would pay the ordi-nary price of such a woman's purchase in five years.

Eastern Dist
*June*, 1828.

DONALDSON
& AL.
*vv.*
HULL.

The services of the daughters, one eleven and the other seven, we have considered on an average as equalling for both the services of the mother, or $80 a year: now from the date of the sale to the present sale are 10 years and 10 months, which at 160 dollars a year, make      **$ 1728**

We have considered the boy, who was but eighteen months old, a bur-then. He required food, raiment, at-tendance from the mother, medical attendance, medicines, taxes were paid for him. For this we think twen-ty-five dollars a year, less than fifty cents a month, not an extravagant charge: for 10 y'rs and 10 mo's.    **271**

Two children were born during

Eastern Dist.
*June*, 1828.

DONALDSON
& AL:
*vs.*
HULL.

defendant's possession.  This necessarily induced a loss of the mother's services for a while, some expenses on her lying in, some time lost in nursing, some food, &c.  For this we have allowed, for both children,        250.

But of the defendant's money 570 dollars have actually come to the possession of one of the plaintiffs.  If the sale be rescinded, and he charged with full hire from the day of sale, the plaintiffs should allow him the value of the use of his money which actually came to their hands.  A jury would certainly consider this in the assessment of damages, and we have deemed it our duty so to do, and have taken five per centum the legal rate of interest, for the value of the use of the money: thus, during 9 years and 10 months, this value on 570 dollars, is                 208 57

This, with the sum recceived, and the last two sums, make        1283 57‖1283 57

which, deducted from 1728 dollars,    ———

leaves a balance due the plaintiffs of    445 43

It is therefore ordered, adjudged, and decreed, that the judgment of the parish court be annulled, avoided, and reversed: and it is further ordered, &c. that the plaintiffs recover from the defendant the slaves mentioned in the petition, and the sum of four hundred and forty-five dollars and forty-three cents for the value of their services; and it is ordered that the plaintiffs pay costs in this court, and the defendant below.

*McCaleb* for the plaintiffs—*Morse* for the defendant.